STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
LOCATION: Portland
DOCKET NO. BCD-CIV-2021-00046

PIXELLE ANDROSCOGGIN LLC,
ET AL.,

   Plaintiffs,

  v.

TRICO MECHANICAL
CONTRACTORS, INC.,

   Defendant,

  v.

MILLENIUM METALLURGY, LTD. and
APPLIED TECHNICAL SERVICES,
LLC,

   Third-Party Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER GRANTING
THIRD-PARTY
DEFENDANT'S MOTION
TO DISMISS**

INTRODUCTION

On April 15, 2020 a pulp digester at a paper mill in Jay, Maine exploded, resulting in massive damages and this lawsuit. Plaintiffs Pixelle Androscoggin LLC and its affiliates ("Pixelle"), the owners of the mill, recovered under their insurance policy but initiated a subrogation action against Defendant Trico Mechanical Contractors, Inc. ("Trico") to recover the policy's $5 million deductible. Trico in turn sues Third-Party Defendants Applied Technical Services ("ATS") and Millennium Metallurgy ("Millennium"), seeking indemnification and/or contribution to any liability that may be found on Trico's part.

The matter presently before the Court is ATS's Rule 12(b)(6) Motion to Dismiss with prejudice Trico's Third-Party Complaint against it on the grounds that the *Pierringer* release ATS executed with Pixelle has resolved all its potential liability in this case. Trico opposes the motion,

1

arguing that (i) the *Pierringer* release language is ambiguous; (ii) Maine law does not recognize the dismissal of common law indemnification claims via *Pierringer* releases; and (iii) recognizing the *Pierringer* release here goes against Maine contract law policy. Because this is a motion to dismiss, all factual allegations in Trico's third-party complaint are taken as true and all inferences made in its favor. *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. Dismissal is proper if "it appears beyond a doubt that [Trico] is not entitled to relief under any set of facts" it may prove in support of its claim. *Id.*

For the reasons discussed below, the Court GRANTS the motion to dismiss.

<u>DISCUSSION</u>

The pertinent facts in this case are simple and not subject to dispute. Pixelle brought the still-pending subrogation action against Trico, which serviced and maintained the equipment on Pixelle's paper mill, alleging Trico is liable for damages related to the explosion of the digester. Trico denies such liability and filed a third-party complaint against ATS and Millennium, seeking contribution and common law indemnity, because these entities were involved in inspecting Trico's work.

The details of who was responsible for what work at the mill and how this may or may not relate to the digester's explosion are not relevant to the instant action and will be resolved as part of the underlying case. What is relevant is that on December 23, 2021 ATS executed a settlement with Pixelle and Pixelle's insurer in which the Plaintiffs agreed to release ATS from its liability related to this suit under *Pierringer* rules. Section 2 of this settlement (the "*Pierringer* release") reads as follows:

> Releasing Parties agree to credit and satisfy such percentage of the judgment they may ultimately recover as ATS's causal negligence bears to all the causal negligence of all the tortfeasors. FM further agrees to defend and indemnify ATS and hold ATS harmless for any claims for contribution or indemnification made by

2

others who may be adjudged liable in any subsequent action or who may enter into a settlement with the Releasing Parties, except that FM is not responsible for defending or indemnifying ATS for any contractual indemnity claims. The purpose of this credit and discharge is to enable ATS to obtain a dismissal of any claims for contribution or indemnification, aside from contractual indemnification, brought by other persons or entities related to or arising out of the failure of Digester A on April 15, 2020, pursuant to the principles expressed in *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963). This settlement is intended to release only ATS and its Party Related Entities, and all claims that Pixelle and FM may have against other parties, persons, or entities including Millennium Metallurgy, Ltd. and Trico Mechanical Engineering Contractors, Inc. are expressly reserved.

ATS argues this is a straightforward *Pierringer* release which entitles it to dismissal with prejudice under 14 M.R.S. § 156. Because Trico has refused to stipulate to such dismissal, ATS brought the instant motion to dismiss.

## I.    *Pierringer* Releases

### A.  General Overview

The concept of a *Pierringer* release crystallized in the titular case. *See Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963). In 1957, a concrete-mixing plant in Wisconsin was damaged by an explosion which injured Pierringer and others, who brought suit. The defendants interpleaded other alleged tortfeasors, resulting in cross-complaints for contribution. Most of those defendants entered into settlements with the plaintiff and executed indemnification and release agreements which provided that the release credited and satisfied the portion of damages, if any, caused by the respective defendant which were later proven at trial. Consequently, the court granted summary judgment to the settling defendants and dismissed the cross-complaints against them by the sole non-settling defendant, Greisch. Greisch appealed, arguing that these releases could not bar his right to seek contribution because he was not party to them and that it is impossible to draft a release that could so bar his right without his consent.

3

The Wisconsin Supreme Court disagreed with Greisch and affirmed the grant of summary judgment. The court had recently reworked the rules of apportioning liability in joint tortfeasor cases, changing it to a question of fact determined by considering the causal negligence attributable to each joint tortfeasor. *See Bielski v. Schulze*, 16 Wis. 2d 1, 114 N.W. 2d 105 (1962). *Bielski* suggested that a plaintiff could protect joint tortfeasors who chose to settle from claims of contributions by other tortfeasors by agreeing to satisfy the percentage of judgment ultimately recovered equal to the settling joint tortfeasor's portion of the negligence. *Id.* at 13.

*Pierringer* clarified that a release can conclusively resolve the cause of action between a plaintiff and a settling defendant while simultaneously defending the settlor from contribution claims. The court stated that it is not necessary for the settlors further to be party to the suit because the allocation, if any, of the yet-to-be-determined causal negligence attributable to them has effectively been removed from the pool of damages the plaintiff may seek from the non-settling defendant and this allocation is "merely a part of the mechanics by which the percentage of causal negligence of the non-settling tortfeasor is determined." *Pierringer*, 21 Wis. 2d. at 192. The settlors have no reason to remain in the suit or care about their percentage of liability shown at trial because "they have bought their peace in any event." *Id.*

The mechanism of a *Pierringer* release is succinctly described as follows:

> In its simplest form, the *Pierringer* release (1) releases the settling defendant from the lawsuit and discharges a part of the cause of action equal to that part attributable to the settling joint tortfeasor's causal negligence, (2) reserves "the balance of the whole cause of action" against the nonsettling joint tortfeasors, and (3) contains an agreement whereby the plaintiff indemnifies the settling defendant from any claims of contribution made by the nonsettling parties and agrees to satisfy any judgment he obtains from the non-settling tortfeasors to the extent the settling tortfeasor has been released.

4

John E. Simonett, *Release of Joint Tortfeasors: Use of the Pierringer Release in Minnesota*, 3 Wm. Mitchell L. Rev. 1, 3 (1977).

B. *Pierringer* in Maine

Maine courts have long recognized *Pierringer* releases. *See Thurston v. 3K Kamper Ko., Inc.*, 482 A.2d 837, 838-39 (Me. 1984). A 2000 amendment to Maine's comparative negligence statute, 14 M.R.S. § 156, codified such releases, giving effect and validating them in multiparty suits and abrogating a prior rule that settling defendants needed the consent of non-settlors to be released. *See Cyr v. GM, LLC*, No. 1:18-cv-00347-JCN, 2019 U.S. Dist. LEXIS 41212, at *7 (D. Me. Mar. 14, 2019). Section 156 now provides that:

> If a defendant [in case involving multiple defendants] is released by the plaintiff under an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the released defendant's share of responsibility, then the following rules apply.
>
> 1. **General rule.** The released defendant is entitled to be dismissed with prejudice from the case. The dismissal bars all related claims for contribution assertable by remaining parties against the released defendant.
>
> 2. **Post-dismissal procedures.** The trial court must preserve for the remaining parties a fair opportunity to adjudicate the liability of the released and dismissed defendant. Remaining parties may conduct discovery against a released and dismissed defendant and invoke evidentiary rules at trial as if the released and dismissed defendant were still a party.
>
> 3. **Binding effect.** To apportion responsibility in the pending action for claims that were included in the settlement and presented at trial, a finding on the issue of the released and dismissed defendant's liability binds all parties to the suit, but such a finding has no binding effect in other actions relating to other damage claims.

A related statute on the release of joint tortfeasors at § 163 reads in relevant part as follows:

> With regard to a settlement in which the plaintiff has entered into an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the settling defendant's share of responsibility, the judge shall reduce the plaintiff's judgment by either the amount determined at trial to be attributable to the settling defendant's share of responsibility, if any was found, or,

if no such finding is made, by the value of the consideration given to the plaintiff for the settlement.

*Pierringer* releases apply in all situations where contribution may be possible, including in the case of third-party defendants. *See Cyr*, 2019 U.S. Dist. LEXIS 41212, at \*7 (recognizing third-party defendant in auto accident case entitled to dismissal with prejudice thanks to *Pierringer* release with plaintiff).

## II.    Pixelle, ATS, Trico, and *Pierringer*

Trico in its third-party complaint against ATS, filed on the same day as ATS and Pixelle executed their *Pierringer* release, seeks contribution and common law indemnity. It does not assert a claim for contractual indemnity because it and ATS were not in a contractual relationship. Trico attacks the enforceability of the *Pierringer* release and alternatively argues that under Maine law the release can bar only contribution, not indemnity, claims.

### A.  The Pixelle/ATS *Pierringer* Release is Enforceable Under Maine Law

Trico contends that the boilerplate *Pierringer* language of the Pixelle/ATS release, in which Pixelle agrees to "credit and satisfy such percentage of the judgment they may ultimately recover as ATS's causal negligence bears to all the causal negligence of all the tortfeasors" and provides that Pixelle "expressly" reserves all claims against Trico and Millennium, is ambiguous. The Court disagrees. Moreover, the fact that ATS had not been named as a defendant when it executed the release does not preclude that release—a party need not be a named defendant to enter into a settlement agreement which functions, in part, as a covenant by the plaintiff *not* to sue that party.[1] Requiring otherwise would be circuitous.

---

[1] Trico's confusion may stem from the inconsistent, often interchangeable use of the terms "defendant" and "tortfeasor" by Maine courts and the Legislature. *See Cyr*, 2019 U.S. Dist. LEXIS 41212, at \*9-11. Though ATS

Statutory language must be afforded its plain meaning. *See State Farm Mut. Ins. Co. v. Koshy*, 2010 ME 44, ¶ 29, 995 A.2d 651. Section 156(1) states that a *Pierringer* release "bars all related claims for *contribution*," emphasis added, and Trico urges this Court to interpret the statute as not recognizing *Pierringer* as barring indemnification as well. It is true that the Law Court has noted the distinction between contribution and indemnification, explaining that contribution means shared liability amongst defending parties and indemnification means the full reimbursement of one party by another. *See Emery v. Hussey Seating Co.*, 1997 ME 162, ¶ 9, 697 A.2d 1284. Common law indemnification is a tort-based remedy which is appropriate where there is a great disparity in the fault of the parties such that justice requires liability be borne by the primarily responsible party alone. *Id.* ¶¶ 9-10. Trico alleges, and this Court must take as admitted for the purposes of the instant motion, that ATS had the duty of inspecting the digester, determining action items to be addressed, help establish Trico's scope of work, inspect Trico's welds, and certify those welds as meeting applicable standards. Whether these duties equate to ATS bearing ultimate responsibility for the digester is a conclusion of law not taken as admitted.

In any case, there is no functional difference in the instant context between contribution and indemnification. The Law Court has recognized this equivalence, describing a *Pierringer* release as a tool which allows "the settling defendant to avoid becoming liable to the nonsettling defendant for *contribution or indemnity claims*." *Austin v. Universal Cheerleaders Ass'n*, 812 A.2d 253 (Me. 2002) (emphasis added). Thus, the level of respective fault which may be shown at trial can has no bearing on the validity of a *Pierringer* release. The point of a *Pierringer* release is to render the non-settling defendant liable only for that portion of loss which it caused. If Pixelle at

___

was not a named "defendant" at the time it executed the *Pierringer* release, it was a potential joint tortfeasor, as demonstrated by Trico's third-party complaint against it and Millennium.

trial shows Trico is liable for the explosion at the mill, Trico is free to bring evidence showing blame should be apportioned to ATS and thereby reduce its own liability. If the trial shows, as Trico claims, that it was not negligent at all or that the fault lies entirely with ATS, then Trico will not be liable for any damages. If the trial shows Trico is 50% at fault and ATS is 50% at fault, Trico will be liable only for 50% of the damages and ATS's share will be considered credited under the *Pierringer* release and under § 163. Consequently, there is no reason for ATS to remain a party.

## III. Dismissal Will Not Affect Maine Contract Law

Trico appeals to policy concerns, claiming that this Court's dismissal of its third-party claim against ATS will have dire implications for Maine contract law and would require an overly broad interpretation of statutory law. It questions how any defendant could recover the court costs and attorney's fees it may be entitled to if the settling party entered into a *Pierringer* release with the plaintiff and fears a grant of ATS's motion will render null and void common negotiated provisions in construction contracts regarding indemnification.

Trico's concerns are unfounded. *Pierringer* releases are widely recognized, within Maine and without. This Court is following the Law Court's interpretation of Section 156 as applying to both contribution and indemnification. Moreover, this is a common law indemnity claim. Absent the *Pierringer* release, Trico could only have asserted tort-based liability on the part of ATS in support of its indemnity claim. A contractual indemnity claim is a separate matter which is not addressed in the instant case.

CONCLUSION

Based on the foregoing, the entry will be: Third Party Defendant Applied Technical Services, LLC's motion to dismiss is GRANTED.

SO ORDERED.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to M.R. Civ. P. 79(a).

**Date:** 5/25/2022

**M. Michaela Murphy, Justice**
**Business & Consumer Court**

.

Entered on the docket: 05/25/2022